TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR25-00325-001-PHX-SHD |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| Jeffrey Benjamin Dunham, | |
| Defendant. | |

Defendant Jeffrey Benjamin Dunham ("Defendant" or "Dunham") pleaded guilty to Count 1, False Statement During the Purchase of a Firearm.  The United States recommends that Defendant receive a sentence of three years' probation.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("PSR").  (Doc. 16.)  The United States agrees with the Draft PSR calculations resulting in a Total Offense Level of 13 and Criminal History Category I.  PSR at ¶¶ 25 and 30, resulting in a Guidelines range of 12-18 months' imprisonment.  This recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to Count 1 of an Information, False Statement During the Purchase of a Firearm, in violation of 18 United States Code § 924(a)(1)(A).  Defendant Dunham agreed with the facts in his plea agreement, including:

On August 4, 2023, Dunham used a false address on an ATF Form 4473. Additionally, between May 4, 2023 and August 4, 2023, he purchased approximately 12 firearms by completing five ATF Forms 4473, using an address at which he knew he did not reside at the time he completed those forms.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant Dunham receive a sentence of probation.

### A Probation Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that probation for Defendant Dunham is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant Dunham's offense are concerning. Purchasing firearms without being completely truthful on the ATF Form 4473 is concerning.  Knowing the current address of the purchaser of firearms is vital to tracking weapons.  Defendant was living in California while purchasing firearms in Arizona. Defendant Dunham's crimes did not span a lengthy time period, and he has remained law

abiding for the last several years.  These factors weigh in favor of the recommendation herein.

### 2.    Defendant's History and Characteristics

Defendant Dunham's history and characteristics weigh in favor of a probation sentence.  Dunham has no prior felony convictions.  Defendant Dunham appeared to cease his criminal activity on his own, two years ago, and has remained law abiding.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  As mentioned, Defendant Dunham's crime is a serious offense, with the potential for danger to the community.  However, considering all the relevant factors, probation is appropriate for this individual.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  Here, even before being indicted, Defendant Dunham had been deterred from engaging in further criminal activity.  The government is optimistic that a felony conviction will be a specific deterrent from future criminal activity.

The need for deterrence also extends beyond preventing recidivism by just a specific defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Here, other people should be deterred from committing a similar crime based on Defendant Dunham's conviction and his law-abiding conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  Defendant

Dunham's contact with the criminal justice system and felony conviction should be a sufficient deterrent with will serve to protect the public from Defendant Dunham.  He has demonstrated that he is not a threat to the public.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant Dunham with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  While Defendant Dunham is on probation, he can receive training and assistance regarding vocational skills and employment opportunities, if necessary.

### III.    CONCLUSION

The United States recommends that Defendant Dunham receive a three-year sentence of probation.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 1st day of July, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that, on July 1, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Russo
Counsel for Defendant Dunham

*s/ J. Schesnol*
U.S. Attorney's Office

- 4 -