**LAW OFFICE OF BRIAN F. RUSSO**
**Brian F. Russo, Esq. (018594)**
10037 East Dynamite Blvd
Suite C-101
Scottsdale, AZ 85262
Telephone (602) 340-1133
email: bfrusso@att.net

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

### DISTRCIT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | Case No.: 25-CR-00325-SHD-1 |
| Plaintiff, | ) ) ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | ) ) | |
| Jeffrey Benjamin Dunham, | ) ) | |
| Defendant. | ) ) | |

COMES NOW the Defendant, Jeffrey Dunham, by and through undersigned Counsel, and hereby submits his Sentencing Memorandum in support of a sentence, which is sufficient but not greater than necessary to satisfy the legitimate goals of sentencing.

This Memorandum is made based upon the papers and pleadings filed herein, the attached Memorandum of Points and Authorities, and any oral argument which may be heard at the time of sentencing July 10, 2025.

RESEPECTFULLY SUBMITTED this 2nd day of July 2025.

_____/s/Brian F. Russo_____
Brian F. Russo
Attorney for Defendant

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

### A. <u>Procedural and Factual History</u>

The Pre Sentence Report (hereinafter "PSR") accurately reflects the facts and procedural history in this case.

### B. <u>Objections to PSR Guideline Calculations</u>

Paragraph 7 at page 4 only contains information about conversations Counsel had with law enforcement and his Client. Accordingly, these conversations concern Sixth Amendment issues but more important are not relevant to the court's consideration in determining the appropriate sentence.

Paragraph 33 at page 7 discloses a potential incident allegedly involving the Defendant. However, he was never arrested or charged and there is no objectively verifiable information to establish that this in fact our Mr. Dunham. Accordingly, this should not be considered by the Court.

### C. <u>Legal Discussion</u>

The fundamental rule governing consideration for the district court in sentencing is the directive of Congress that the district court "shall impose a sentence sufficient, ***but not greater than necessary***, to comply with [the purposes of sentencing]" (emphasis added). 18 U.S.C. § 3553(a); *Pepper v. U.S.* 131 S.Ct. 1229, 1242 (2011) ("sentencing judge's overarching duty under § 3553(a) [is to] to impose a sentence sufficient, but not greater than necessary" to comply with the

sentencing purposes set forth in § 3553(a)(2)").[1]

The factors the Court shall consider in determining what is sufficient are set out in 18 U.S.C. § 3553.

1. **<u>The advisory Guideline range is greater than necessary to satisfy the purpose of sentencing.</u>**

Courts have long recognized that where the sentence called for by the guidelines would result in punishment greater than necessary the court can depart downward. *United States v. Roth, 2008 U.S. Dist. LEXIS 19603.* A sentence within the Guideline range, in Mr. Dunham's case would be far greater than necessary to comply with the factors set forth in 18 U.S.C. §3553(a) which require the Court to consider the need for the sentence imposed:

> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[1] *U.S. v. Johnson* 635 F.3d 983 (7th Cir. 2011)(The essence of *Kimbrough* is to permit district courts to depart from the advisory ratio when its application would result in a sentence that is "greater than necessary to accomplish the goals of sentencing."); *U.S v.Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010) (explaining that § 3553(a)'s parsimony clause expresses "an overarching principle [that] necessarily informs a sentencing court's consideration of the entire constellation of section 3553(a) factors" (alteration in original, quotation marks omitted));*U.S. v. Carty* 520 F.3d 984 (9th Cir. 2008) (*en banc*) (this principle is the "overarching statutory charge); *U.S. v. Hussein* 478 F.3d 318 (6th Cir. 2007) ("The plain import of *Booker* is that a 1-day, below-the-Guidelines sentence, no less than a 7,300-day, above-the-Guidelines sentence, is now a viable sentence for a district court to impose so long as it is authorized by statute and reasonable within the meaning of 18 U.S.C. § 3553(a)").

***Seriousness of Offense and Respect for Law***

It is understood that firearms offenses are serious and are treated as such. Contextually speaking the instant offense is one of misinformation on Forms 4473. It should be noted that the underlying purpose of a Form 4473, and the information contained therein is "traceability" of the firearms.[2]  In accordance with the stated purpose, Mr. Dunham was easily found by the ATF when there were issues with regard to his firearms purchases.

In other words, nothwistanding the misinformation of residence in which he previously resided being placed on the 4473, he was easy to trace and locate when needed by law enforcement.  He lived in an address accessible to law enforcement and openly listed.  In short, law enforcement was able to trace him and make inquiries in harmony with the purpose of the ATF Form.

Mr. Dunham concedes this does not excuse the errors on the 4473.   Rather, he is simply providing information that may assist in mitigating the offense conduct.

***Deterrence***

Mr. Dunham does not need a sentence of imprisonment to encourage deterrence from unlawful conduct.  He is able to conform his conduct to that of a law-abiding citizen and has done so his entire life.  It should not be minimized that Mr.

---

[2]  The National Tracing Center (NTC) traces firearms associated with crimes and provides investigative leads for local, state, federal and foreign law enforcement agencies. NTC uses leading-edge technologies and tools such as eTrace to detect firearms trafficking and trace the movement of crime guns across police jurisdictions, state lines and national borders.  https://www.atf.gov/resource-center/fact-sheet/fact-sheet-national-tracing-center

Dunham will forever be stripped of his fundamental right to possess firearms as a result of this conviction.  He also understands the seriousness and the lifelong collateral impacts a felony will have on him. *U.S. v. Libby* (Where Scooter Libby convicted of perjury and obstruction of justice and receives 30- month guideline sentence, President Bush commutes prison time in part because conviction is "harsh" where **"t**he reputation he gained through his years of public service and professional work in the legal community is forever damaged [and where] the consequences of his felony conviction on his former life as a lawyer, public servant and private citizen will be long-lasting.")  (found at

http://www.whitehouse.gov/news/releases/2007/07/20070702-3.html)**.**

### *Protect the Public*

Jeffrey Dunham is by all accounts a thoughtful and caring person.  His primarily business is dog care.  He is thoughtful, caring and hard working.  He is in a stable loving marriage and resides with his wife.  His offense conduct involved incorrect information on a federal firearms form.   It was neither a crime of violence, nor and offense that involved a direct victim who was caused physical harm. Nevertheless, he will be prohibited from possessing firearms. *U.S. v. Edwards* 595 F.3d 1004  (9th Cir. 2010) (where defendant convicted of bankruptcy fraud and on probation for prior state conviction for fraud and where guidelines range 27-33 months, sentence of probation, seven months of which was to be served under house arrest did not abuse discretion of Court in part because

"Section 3553(a), for instance, does not require the goal of general deterrence be met through a period of incarceration.").

### To Provide the Defendant with Needed Educational or Vocation Training, Medical Care, or other Correctional Treatment

Jeffrey Dunham is a smart and talented individual who will continue to be productive in the community.  He is amendable to whatever further training and education are available to him because he strives to better himself.   He is motivated to do well and be productive to provide for his family.

On a National level, sentences are considered far too long. Excessive sentences have the danger to breed disrespect for the criminal justice system and brings it into disrepute.[3]  *See e.g.*, *Speech of Attorney General Eric Holder on April 15, 2013 and on August 12, 2013 delivered to the ABA convention in San Francisco*.  A.G. Holder stated "Too many people go to too many prisons for far too long for no good law enforcement reason.  …Statutes passed by legislatures that mandate sentences, irrespective of the unique facts of an individual case, too often bear no relation to the conduct at issue, breed disrespect for the system, and

---

[3]  "For the first time, more than one in every 100 adults is now confined in an American jail or prison....The United States incarcerates more people than any country in the world, including the far more populous nation of China. At the start of the New Year, the American penal system held more than 2.3 million adults. China was second, with 1.5 million people behind bars, and Russia was a distant third with 890,000 inmates, according to the latest available figures. Beyond the sheer number of inmates, America also is the global leader in the rate at which it incarcerates its citizenry, outpacing nations like South Africa and Iran." " Pew Report (Feb. 28, 2008), *One in 100: Behind Bars in America 2008* (found at http://www.pewcenteronthestates.org/report_detail.aspx?id=35904).   "The US rate of incarceration is the highest in the world." Fact Sheet, National Council on Crime and Delinquency (November, 2006), found at http://www.nccd-crc.org/nccd/pubs/2006nov_factsheet_incarceration.pdf

are ultimately counterproductive…. We need to ensure that incarceration is used to punish, to rehabilitate, and to deter — and not simply to warehouse and forget." found at http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130404.html

Justice Anthony Kennedy recently observed that long sentences, among other things, are "an ongoing injustice of great proportions," and that "long sentences have appalling effects on people's lives." (public conversation with Harvard Law School Dean Martha Minow, reported in the *Harvard Gazette* of October 22, 2015), found at http://news.harvard.edu/gazette/story/2015/10/kennedy-assails-prison-shortcomings/

**CONCLUSION**

Jeffrey Dunham has remained accountable for his actions and endeavors to continue to improve. He is capable of being a productive law-abiding citizen and looks forward to successfully completing any criminal justice system sanction. He respectfully suggests that probation without any incarceration is the appropriate sentence.

DATED this 2nd day of July 2025.

/s/ *Brian F. Russo*
Brian F. Russo
Attorney for Defendant

7

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jacqueline Schesnol
Asst. United States Attorney